IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEWIS E. WHITE, Jr., #K62996** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-01831-SMY |
| | ) |
| **CRYSTAL CROW,** | ) |
| **JOHN/JANE DOE 1-5,** | ) |
| **A. MORRIS,** | ) |
| **LATOYA HUGHES,** | ) |
| **and REBECCA RIGGS,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Lewis White, Jr., filed a Complaint pursuant to 42 U.S.C. § 1983 to challenge an alleged error in his sentence calculation that has resulted in his prolonged confinement in the Illinois Department of Corrections (IDOC). The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out portions that are legally frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant. *Id*.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 11-15; Doc. 1-1, pp. 1-19): Plaintiff is currently serving an excessive term of incarceration due to a sentence computation error that incorporated unserved parole/mandatory supervised release (MSR) in two old cases, *i.e.*, Case Nos. 16-CF-2 and 16-CF-304. While completing his parole/MSR in the two old cases, Plaintiff was convicted of a new crime. Plaintiff was informed that his parole/release in the two old cases would be deemed violated, revoked, and halved when calculating his new

1

sentence. Instead, officials tacked on the time to his new sentence. Plaintiff's incarceration was consequently prolonged by six months from March 19, 2024 to September 17, 2024. He filed one or more grievances to address the matter, but his grievances were denied. While still in prison, he filed this lawsuit against high-raking officials in the IDOC, Jacksonville Correctional Center, Graham Correctional Center, Stateville Correctional Center, and Big Muddy River Correctional Center. *Id*. Plaintiff seeks money damages against the defendants "since [his time will be] served . . . by the time this suit is finished." (Doc. 1, p. 16).

## Discussion

Based on the allegations, the Court designates the following claim in the *pro se* Complaint:

**Count 1:** Plaintiff was subjected to excessive incarceration from March 19, 2024 through September 17, 2024, as a result of a sentence calculation error that violated his rights under the Eighth and/or Fourteenth Amendments.

**Any other claim that is mentioned in the Complaint and not addressed herein should be considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).**

While Plaintiff invokes 42 U.S.C. § 1983 to attack the length of his sentence, habeas corpus provides the sole federal remedy for an inmate who wishes to challenge the fact or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Even when an inmate requests money damages for excessive incarceration, habeas offers the only remedy where a decision in the inmate's favor would call his continued confinement into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). Moreover, in order to recover damages under 42 U.S.C. § 1983 for an allegedly unconstitutional conviction or imprisonment or for "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must establish that the sentence has been previously invalidated, *i.e.,* "reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.

At the time Plaintiff filed suit, he was still serving time on the sentence he now challenges. By his own account, Plaintiff was given a new release date of September 17, 2024. He signed his Complaint on July 26, 2024 and filed it on August 2, 2024. He indicates that his attempts to challenge the length of his sentence using the grievance process failed. As such, unless and until his conviction or sentence is overturned or invalidated, Plaintiff cannot pursue these claims, and the Complaint and this action will be dismissed as *Heck*-barred.

The Court notes that a state inmate may challenge his conviction or sentence in a direct appeal, post-conviction proceeding, state mandamus action, or federal habeas action pursuant to 28 U.S.C. § 2254. And, if he succeeds in invalidating his sentence or overturning his conviction, Plaintiff may bring a new suit for money damages under § 1983. However, the Court cannot convert this action into a claim for habeas corpus relief. *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton*, 96 F.3d 1038 (7th Cir. 1996). If Plaintiff seeks such relief, Plaintiff must bring a separate action in state and/or federal court.

## Disposition

For the foregoing reasons, the Complaint (Doc. 1) and this action are **DISMISSED** without prejudice as being *Heck*-barred. This dismissal does not count as a "strike" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must

list each of the issues he intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

**The Clerk shall close this case and enter judgment accordingly.**

**IT IS SO ORDERED.**

DATED: September 23, 2024         s/ *Staci M. Yandle*
                                  **STACI M. YANDLE**
                                  **United States District Judge**